IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephon Gilbert, | ) Civil Action No.: 9:22-4470-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Robert E. Hood, Tammie M. Pope, | ) |
| Defendants. | ) |

Plaintiff Stephon Gilbert ("Plaintiff"), an inmate at the Ridgeland Correctional Institution, filed this pro se action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Molly H. Cherry for initial review.

On February 27, 2023, Magistrate Judge Cherry filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, based on Plaintiff's failure to bring this case into proper form and to submit the necessary forms requested by the Magistrate Judge. (*See* ECF No. 21.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court, and the recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report

to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Following the filing of the Magistrate Judge's Report, Plaintiff has filed more than 20 letters and various proposed documents. After review, however, it is fair to say that none of Plaintiff's filings specifically object to the Magistrate Judge's findings and conclusions. Nevertheless, even liberally construing Plaintiff's filings as written objections and reviewing the matter de novo, it is also fair to say that none of Plaintiff's filings point to any legal or factual error in the Magistrate Judge's analysis to alter the outcome at this time. Stated plainly, the documents filed by Plaintiff are nearly impossible to decipher, as Plaintiff includes photocopies of various letters and legal materials, many of which are marked upon with scribbles and underlining and contain large writing that is largely nonsensical. Ultimately, out of an abundance of caution, the Court has carefully reviewed Plaintiff's documents and has made a *de novo* review of the entire Report and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

**CONCLUSION**

Based on the foregoing, the Court hereby adopts the Magistrate Judge's Report (ECF No. 21); overrules Plaintiff's repetitive filings (ECF Nos. 23 through 50); and dismisses this action without prejudice, and without issuance and service of process, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

May 2, 2023
Charleston, South Carolina